## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICHOLAS P. MILLER,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO.  23-4192** |
| | : | |
| **CHESTER COUNTY** | : | |
| **COMMISSIONERS**, *et al.*, | : | |
| **Defendants.** | : | |

<u>**ORDER**</u>

**AND NOW**, this 31st day of July 2024, upon consideration of Plaintiff Nicholas P. Miller's Amended Complaint (DI 14), it is **ORDERED**:

1.     Mr. Miller's claims against Chester County Prison and his official capacity claims against Karen Murphy, Clyde King, Waden Holland, Deputy Warden Roberts, and former Warden Phillips are **DISMSSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

2.     The Clerk of Court is **DIRECTED** to **TERMINATE** Chester County Prison as a Defendant.

3.     The case shall proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), against the following Defendants:

  a.  Chester County;

  b.  PrimeCare Medical, Inc.;

  c.  Karen Murphy;

  d.  Clyde King;

  e.  Warden Holland;

      f.   Deputy Warden Roberts; and

      g.   Warden Phillips.

4.      In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order to Mr. Miller together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form") for each Defendant listed in paragraph three (3) of this Order.[1]  The Clerk of Court is further **DIRECTED** to note the mailing on the docket.

5.      To proceed with service, Mr. Miller must complete a USM-285 Form for each Defendant listed in paragraph three (3) and return the completed form(s) to the Clerk's Office within **twenty-one (21) days** of the date of this Order.  Service cannot be made by the U.S. Marshal Service until Mr. Miller completes and returns these forms.

6.      In completing the USM-285 Form(s), Mr. Miller is instructed as follows:

      a.   Mr. Miller should complete a separate USM-285 Form for each Defendant listed in paragraph three (3) of this Order.  Only one Defendant's name should appear on each USM-285 Form.

      b.   Mr. Miller shall not complete a USM-285 Form for any individual or entity that is not listed as a Defendant in paragraph three (3) of this Order, including but not limited to any Defendant who already has been dismissed from this case.

      c.   Mr. Miller should include as much identifying information as possible for each Defendant, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

---

[1] This form is available online at https://www.usmarshals.gov/sites/default/files/media/document/usm-285_process-receipt.pdf.

    d.  Mr. Miller must provide each Defendant's complete address at a location where that Defendant can be served.  The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address.  It is Mr. Miller's responsibility, and not the duty of the Court, the Clerk's Office, or the Marshals Service, to ascertain the addresses of the Defendants.  *See, e.g.*, *Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (*per curiam*) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (*per curiam*) ("Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an [*in forma pauperis*] litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any.").

    e.  Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Mr. Miller's claims against any such Defendant.

7.    Mr. Miller is cautioned that failure to return the completed USM-285 Form(s) in accordance with the above instructions may result in dismissal of this case for failure to prosecute without further notice from the Court.

8.    The Clerk of Court is **DIRECTED** to docket any USM-285 Forms that Mr. Miller returns in this case.

9.      The Clerk of Court is **DIRECTED** not to issue summonses at this time.  The

Court will direct issuance of summonses upon receipt of properly completed USM-285 Forms.


_____

**MURPHY, J.**